IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| GOLF DIAGNOSTICS IMAGING CENTER, L.P., | ) | Case No. 08-12908 |
| | ) | |
| Debtor. | ) | Hon. Susan Pierson Sonderby |

### NOTICE OF MOTION

TO: Attached Service List

**PLEASE TAKE NOTICE THAT** on March 30, 2010, at 10:00 a.m., I shall appear before the Honorable Judge Susan Pierson Sonderby, or any other judge sitting in her stead, in Room 642, 219 South Dearborn Chicago, Illinois, and request a hearing on Debtor's Attorneys' Final Application for Allowance of Compensation and Reimbursement of Costs and Expenses, a copy of which is attached hereto and thereby served upon you.

### CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and APPLICATION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 5th day of March 2010.


/s/ Gregory K. Stern
Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
James E. Hausler (Atty. ID #6292973)
Christina M. Riepel (Atty. ID #6297514)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

**SERVICE LIST**

**Registrants Served Through The Court's Electronic Notice For Registrants**

William Neary, United States Trustee
219 South Dearborn Street,
Suite 873
Chicago, Illinois 60604

Mark J. Rose, Esq.
200 West Adams Street
Suite 2850
Chicago, IL 60606

Thomas V. Askounis, Esq.
Askounis & Darcy, P.C.
401 North Michigan Avenue
Suite 550
Chicago, Illinois 60611

James A. Hasier, Esq.
Martin & Karcazes, Ltd.
161 North Clark Street, Suite 550
Chicago, Illinois 60601

Fred R. Harbecke, Esq.
29 South LaSalle Street, Suite 945
Chicago, Illinois 60603

Andrew A. Muchoney, Esq.
McKeown, Fitzgerald, Zollner, Buck, Hutchinson & Ruttle
2455 Glenwood Avenue
Joliet, Illinois 60435

Francis J. Pendergast, III, Esq.
James M. Crowley, Esq.
Crowley & Lamb, P.C.
350 North LaSalle Street, Suite 900
Chicago, Illinois 60610

Dennis E. Quaid, Esq.
Christina Berish, Esq.
Thompson Coburn Fagel Haber
55 East Monroe Street, 40th Floor
Chicago, IL 60603

Joel A. Schechter, Esq.
53 West Jackson Boulevard
Suite 1025
Chicago, Illinois 60604

Miriam R. Stein, Esq.
Norman P. Jedelloh, Esq.
Thomas P. Conley, Esq.
Arnstein & Lehr
120 South Riverside Plaza
Suite 1200
Chicago, Illinois 60606

Pia N. Thompson, Esq.
Reed Smith LLP
10 South Wacker Drive
Chicago, Illinois 60606

Vipin Gandra, Esq.
Shaw Gussis
321 North Clark
Suite 800
Chicago, Illinois 60654

**Parties Served Via U.S. Mail**

Golf Diagnostics Imaging Center, L.P.
9680 Golf Road
Des Plaines, Illinois 60016

First Bank
c/o Charlie Kepner
2100 South Elmhurst Road
Mount Prospect, Illinois 60056

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| GOLF DIAGNOSTICS IMAGING CENTER, L.P., | ) | Case No. 08-12908 |
| | ) | |
| Debtor. | ) | Hon. Susan Pierson Sonderby |

**FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF COSTS AND EXPENSES**

Now Comes Gregory K. Stern, Monica C. O'Brien, James E. Hausler and Christina M. Riepel of Gregory K. Stern, P.C. ("Counsel"), attorneys for Golf Diagnostics Imaging Center, L.P., Debtor and Debtor In Possession, and, pursuant to §330 of the Bankruptcy Code, request that this Court enter an order allowing final compensation of $220,680.89 for 638.75 hours of legal services rendered to the Chapter 11 Debtor In Possession, reimbursement of costs and expenses in the amount of $3,408.36 and payment of the unpaid balance of allowed compensation and reimbursement of costs and expenses totaling $56,011.34 as an administrative claim and, in support thereof, state as follows:

1. On May 20, 2008, the Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code; and, the Debtor, as Debtor In Possession, has continued in possession of its property, pursuant to §§1107 and 1108; and, no trustee has been appointed in this case.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157; and, this is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

3. In accordance with Bankruptcy Rule 2002, notice of this Application has been sent to all parties on the service list, including the U.S. Trustee, all creditors and parties in interest.

4. On May 14, 2008, the Debtor and Counsel entered into an agreement whereby Counsel agreed to represent the Debtor in a Chapter 11 case in consideration for the Debtor's agreement to pay for

professional services rendered in accordance with Counsel's hourly fee schedule in effect from time to time.

5. At all times relevant hereto, Counsel's hourly services have been billed as follows: Gregory K. Stern at $385.00 per hour, Monica C. O'Brien at $345.00 per hour, James E. Hausler at $200.00 per hour and Christina M. Riepel at $200.00 per hour[1]. The rates at which Gregory K. Stern, Monica C. O'Brien, James E. Hausler and Christina M. Riepel seek compensation are their usual and customary hourly rates charged for bankruptcy work of this nature, performed for other clients.

6. On or about June 11, 2008, this Court entered an Order Authorizing Employment of Counsel authorizing the employment of Counsel, as counsel for the Debtor as Debtor In Possession, with all compensation and reimbursement of expenses subject to further order of this Court.

7. On October 8, 2008, Counsel filed their First Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "First Application") (Docket No. 168); and, on November 4, 2008, this Court entered an Order Allowing Interim Compensation and Reimbursement of Costs and Expenses of $52,780.41, to Counsel for 220.90 hours of professional services rendered through September 29, 2008, that has been paid by the Debtor. The First Application is incorporated by reference herein and the itemization of time related to the First Application is attached hereto as Exhibit A and thereby made a part hereof.

8. On February 12, 2009, Counsel filed their Second Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "Second Application") (Docket No. 236); and, on March 4, 2009, this Court entered an Order Allowing Second Interim Compensation and Reimbursement of Costs and Expenses of $26,290.13, to Counsel for 105.00 hours of professional

---

[1] Beginning February 1, 2009, the hourly rates increased as follows: Gregory K Stern increased from $365.00 to $385.00 and Monica C. O'Brien increased from $315.00 to $345.00.

services rendered from October 1, 2008 through January 31, 2009, that has been paid by the Debtor. The Second Application is incorporated by reference herein and the itemization of time related to the Second Application is attached hereto as Exhibit B and thereby made a part hereof.

9. On May 6, 2009, Counsel filed their Third Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "Third Application") (Docket No. 282); and, on or about May 20, 2009, this Court entered an Order Allowing Third Interim Compensation and Reimbursement of Costs and Expenses of $44,783.19, to Counsel for 135.45 hours services rendered from February 2, 2009 through April 29, 2009, that has been paid by the Debtor. The Third Application is incorporated by reference herein and the itemization of time related to the Third Application is attached hereto as Exhibit C and thereby made a part hereof.

10. December 2, 2009, Counsel filed their Fourth Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "Fourth Application") (Docket No. 352); and, on or about December 16, 2009, this Court entered an Order Allowing Fourth Interim Compensation and Reimbursement of Costs and Expenses of $44,783.19, to Counsel for 131.20 hours services rendered from May 1, 2009 through November 25, 2009, that has been paid by the Debtor. The Fourth Application is incorporated by reference herein and the itemization of time related to the Fourth Application is attached hereto as Exhibit D and thereby made a part hereof.

11. Counsel have expended 46.20 hours of professional services from November 26, 2009 through March 3, 2010, as are more fully set forth in the Time Sheets attached hereto as Exhibit E and thereby made a part hereof.

12. The professional services rendered from May 1, 2009 through March 3, 2010, have been separated into ten (10) service categories, which have been separated and identified solely for the

purposes of summarizing with specificity the services rendered on behalf of the Debtor In Possession and for the benefit of its estate. These service categories, the professional time spent within each category, and the percentage of time allocated to each service category are as follows:

| SERVICE CATEGORY | HOURS | % OF TOTAL TIME |
|---|---|---|
| A. Case Administration | 97.00 | 15.20% |
| B. Attorney General Lawsuit | 19.00 | 3.00% |
| C. Cash Collateral | 80.60 | 12.60% |
| D. General Claim Matters | 68.50 | 10.70% |
| E. First Bank Adversary Complaint | 0.50 | .10% |
| F. Equipment Claims and Leases | 70.40 | 11.00% |
| G. Real Property Claims and Leases | 61.00 | 9.50% |
| H. Sale of Assets | 62.20 | 9.70% |
| I. Plan/Disclosure Statement | 122.35 | 19.20% |
| I. Professionals | 57.20 | 9.00% |
| **TOTAL:** | **638.75** | **100%** |

13. The additional professional services rendered from November 26, 2009 through March 3, 2010 were rendered within the service categories as follows:

A. **General Case Administration**: This service category involved 3.70 hours of services that included: **1)** Meetings, teleconferences and correspondence with Parvez Shirazi ("PS") regarding representation of Debtor in Possession ("DIP"), debtor in possession operations, refund of security deposits with utilities, operating reports, monthly preparation of same, DIP account, payment of U.S. Trustee statutory fees, case status, notices, case goals and strategy, case disclosures, communications with parties in interest, and procedure for closing of case; **2)** Meetings, teleconferences and correspondence with attorneys regarding Chapter 11 case; **3)** Review of operating reports; **5)** Organizing and maintaining Debtor's files; and, **5)** General case administration matters.

B. **Attorney General Lawsuit -** This service category involved 3.20 hours of services related to the pre-petition lawsuit filed by the State of Illinois against the Debtor that included: **1)** Communications

with Special Counsel regarding status of state court litigation, continued settlement discussions, distribution under confirm Plan, entry of Consent Decree, accounting of retainer, and refund of unused portion of retainer; **2)** Review settlement communications regarding settlement of case; and, **3)** Drafting Motion to Approve Settlement and court appearances regarding same.

    C. **Cash Collateral** - This service category involved 0.00 hours of services relating to the Debtor's continued use of cash collateral.

    D.  **General Claim Matters** - This service category involved 3.70 hours of services related to claims against the Debtor and the Debtor's preference claims that included: **1)** Teleconferences and correspondence with creditor's attorney regarding agreement to resolve claim dispute; **2)** Drafting Motion to Set Claims Bar Date for Administrative Claims; Motion to Enter Agreed Order Adjusting Claim and court appearances regarding same; and, **3)**  Reviewing lease rejection claims.

    E.  **First Bank Adversary Complaint** – This service category involved 0.00 hours of services related to First Bank's Adversary Complaint.

    F.  **Equipment** - This service category involved 0.00 hours of services related to equipment claims.

    G.  **Real Property** - This service category involved 12.70 hours of services related to real property leases and claims that included: **1)** Teleconferences with Debtor regarding dispute with landlord, Golf Medical Partners, regarding conflicting demands for payment, and impact of foreclosure case on lease status; **2)** Teleconferences and communications with landlord's attorneys regarding Des Plaines location, demand for payment under confirmed Plan, retention of new attorney, dispute with Parvez Shirazi's Chapter 7 Trustee,  adversary proceeding for interpleader, and proposed settlement of adversary proceeding;  **3)** Teleconference and communications with Chapter 7 Trustee regarding demand for Golf Medical Partner's payments, dispute with landlord, adversary case for interpleader, and proposed

settlement of same; **4)** Drafting adversary proceeding for interpleader, summons, and court appearances regarding same; Reviewing landlord's documents supporting claim and Debtor's documentation regarding lease default; and **5)** Draft discovery to Beverly Bank regarding pending foreclosure and Debtor's lease obligations.

    H.  **Sale of Assets** - This service category involved 0.00 hours of services related to the Debtor's sale of its assets located at the Woodridge property.

    I. **Plan and Disclosure Statement** – This service category involved 18.20 hours of professional services that included the following services: **1)** Teleconferences, communications and meetings with creditors regarding confirmation of Plan, distribution schedule, request for redirection of payments, and amortization schedule for repayment of secured claims; **2)** Teleconference and communications with Debtor regarding confirmation procedure, affidavit of prove-up, and required distributions under confirmed Plan; **4)** Review ballots and preparation of ballot report; **5)** Prepare spreadsheet for Debtor regarding payments required under confirmed Plan; **6)** Drafting Affidavit of Prove-up and Order Confirming Plan **9)** Representation of Debtor at court hearing on confirmation of Plan and post-confirmation status of Plan.

    J. **Professionals**: This service category involved 4.70 hours of professional services that included: **1)** Drafting Fourth Application for Compensation of Attorneys; Notice, Cover Sheet and Order; **2)** Reviewing, updating and categorizing time sheets for Fourth Application for Compensation; and **3)** Draft Fifth Application for Compensation of Accountants and representation at Court hearing regarding same.

    Of the total time in this category, Counsel expended 20.60 hours related to services regarding the employment of accountants, employment of Special Counsel, preparation and presentation of the First, Second, Third, Fourth and Fifth Application for Compensation of Accountants, and the review of the

Application for Compensation of Special Counsel, and Court appearances related thereto. The total time expended in this category related solely to the Debtor's attorneys' fees was 36.60 hours of professional time or 5.8% of the total professional time expended in this case.

14. In addition to the foregoing itemization of time, Counsel estimates that they will expend between fifteen (15) and thirty (30) additional hours of professional services related to resolution of the Golf Medical Partners adversary proceeding, filing of final quarterly reports, closing of the case, distributions to creditors under confirmed Plan of Reorganization, and such additional services as the Reorganized Debtor may require. Any such additional services will be billed directly to the Reorganized Debtor and paid by the Reorganized Debtor in the ordinary course of its business affairs.

15. In addition to Counsel's request for compensation based upon the foregoing itemization of time, Counsel proposes to the Court that they be awarded a "lodestar enhancement" and that the total compensation or award be increased by an amount equal to 25% of the allowed compensation previously awarded by this Court or the amount of $41,167.39. The reasons for this proposal and request are set forth below.

16. This court has great discretion in award of fees, including enhancement. The criteria for such enhancement was best defined in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714 (5th Cir. 1974) In this district *Slaton v. Raleigh*, 1998 Lexis 15342, succinctly summarized those criteria as follows:

>    The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. The Seventh Circuit implicitly upheld the analysis of fees under *Johnson*. See In the *Matter of Geraci, 138 F.3d 314, 317, 321 (7th Cir. 1998)* (upholding the bankruptcy's court's decision to disgorge the excessive fee based on its analysis of the twelve *Johnson* factors).

17.    Counsel Applicant submits the following comments and analysis applying the above criteria to the instant case.

A) The time and labor (637.25 hours) devoted to this matter are set forth in the Exhibits A through D and the Time Sheets attached to this Application. The time actually expended was neither excessive nor unusual given the facts of the instant case. Rather the time expended demonstrates a very economical and efficient use of time by the attorneys. Counsels' hourly fee schedule ranges from $200.00 to $385.00, rates that are more than competitive in the Chicagoland area and somewhat below the rates of like professionals practicing in the bankruptcy area where such fees regularly range from $400.00 to $600.00 or more per hour. Further, the associate attorneys' hourly fee at the bottom end of the Counsels' fee schedule ($200.00) has not ever been increased for services performed for the Debtor in this case by those associates. The time expended reflects numerous areas of services performed by associates charging hourly fees substantial below the hourly fees of Mr. Stern or Ms. O'Brien. In fact the blended hourly rate of all services provided the attorneys in this case is approximately $281.00, over $100.00 below Mr. Stern's hourly fee.

B) The case did not necessarily present novel issues, other than those involving the State of Illinois Attorney General claim in excess of $41,000,000.00 that was handled primarily by special counsel. Notwithstanding, the case was more than difficult given the level of creditor hostilities at the commencement of the case. The creditor body was kept abreast off all material operations of the Debtor throughout the case as evidenced by the more than unusually high number of orders authorizing the use of cash collateral. Gradually a consensus amongst the creditors was forged, enabling the Debtor to concentrate on its reorganization efforts and ultimately to confirm a plan of reorganization that was overwhelmingly accepted by the creditor classes. Although difficult creditor situations arose, including the dispute regarding the sale of assets, all such matters were resolved consensually on terms favorable to the Debtor and not involving long and protracted legal battles and litigation.

C) Counsel lead by Mr. Stern and Ms. O'Brien possess a relatively high level of requisite skills that were necessary to render the services performed. Mr. Stern and Ms. O'Brien have over forty-four (44) years of combined legal practice experience concentrated almost solely in the area of bankruptcy providing legal representation to Chapter 7 Panel Trustees, Debtors and Debtors in Possession and creditors.

D) Counsel did not find it necessary to set aside other matters in any significant way. However, Counsel is a relatively small boutique bankruptcy firm and as such, time is a precious commodity and

the efforts devoted to this case were substantial requiring Counsel to limit its representation of other potential clients.

E) Counsel submits that the total time expended in professional services relating to the instant case was relatively *de minimis* when compared to the breadth and scope of the services required to successfully reorganize the Debtor and the total dollar amounts owed to and claimed by creditors. The actual services expended by Counsel reflect an economy not usually found in a case of this nature and size.

F) Counsel represent debtors in Chapter 7, Chapter 11 and Chapter 13 cases and their employment is routinely approved by the bankruptcy courts in this district to represent debtors in possession in Chapter 11 cases and to represent Chapter 7 panel trustees. The attorneys enjoy an excellent reputation in this practice area and in the greater Chicagoland community. Mr. Stern has twice been recognized for providing pro bono services to the community. Initially, in 1992 Pro Bono Advocates designated him as the Attorney of the Year and in 2008, the Chicago Volunteer Legal Services Foundation awarded him their Distinguished Service Award. Mr. Stern is admitted to the Trial Bar of the District Court and the firm attorneys regularly appear before the bankruptcy court. Mr. Stern and Ms. O'Brien have handled numerous bankruptcy cases and have trial and appellate practice experience arising from and related to bankruptcy matters in Chapter 7, Chapter 11 and Chapter 13.

G) Counsel undertook substantial risk in accepting this engagement. Chapter 11 debtor in possession representation is almost always rather risky as clients are generally suffering substantial business problems, involving diminishing revenues, escalating expenses and myriads of other operational constraints and issues. Counsel received a nominal retainer when considering the scope of the assignment undertaken. As such Counsel were at substantial risk at the inception and early stages of the case.

18. Counsel respectfully submits that the success and speed in obtaining this confirmation of the plan of reorganization was a direct result of their efforts and also of his reputation for being an effective and successful litigant and consensus builder.

19. All of the professional services performed were actual and necessary for the proper representation of the Debtor as Chapter 11 Debtor in Possession and in furtherance of the Debtor's reorganization; and, as such, all of the services rendered were authorized pursuant to this Court's June 11, 2008 Order Authorizing Employment Of Counsel and benefited the estate. No time has been included for services that are in the nature of clerical work. Counsel stating further that there has been no duplication of services by Counsel. In those instances where more than one attorney participated in any matter, such joint participation was necessary because of the complexity of the problem involved and/or the critical time constraints that existed.

20. The value of the professional services rendered to the Debtor, as Debtor In Possession,

covered by this Application is $220,680.89.

21. Actual and necessary costs in the amount of $3,408.36 have been expended by Counsel as detailed on the Time Sheets attached as Exhibits A- D to this Application.  Costs include filing fees, postage, and copying charges at the rate of ten cents (.10) per copy.

**WHEREFORE**, Gregory K. Stern, Monica C. O'Brien, James E. Hausler and Christina M. Riepel pray for entry of an Order, pursuant to §§ 330 and 331 of the Bankruptcy Code, allowing Gregory K. Stern, P.C. final compensation in the amount of $220,680.89 for actual and necessary professional services rendered and reimbursement in the amount of $3,408.36 for actual and necessary costs and expenses incurred; authorizing and directing the Debtor to pay the unpaid balance of allowed final compensation and reimbursement of costs and expenses of $56,011.34 as a priority cost of administration; and, for such other relief as this Court deems just.

    Respectfully submitted,

    By: /s/ Gregory K. Stern
        Gregory K. Stern, Esq.

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
James E. Hausler (Atty. ID #6292973)
Christina M. Riepel (Atty. ID #6297514)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558